NOT RECOMMENDED FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 07-CV-164-KKC

DAVID LOUIS MCPHERSON                                                          PETITIONER

VS:                      **MEMORANDUM OPINION AND ORDER**

J. GRONDOLSKY, Warden                                                          RESPONDENT

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

David Louis McPherson, an inmate in the custody of the Federal Bureau of Prisons ("BOP") at the Federal Correctional Institution in London, Kentucky, has filed the instant *pro se* petition for a writ of habeas corpus, purportedly brought pursuant to 28 U.S.C. §2241, and has paid the habeas filing fee.

This matter is before the Court for screening. 28 U.S.C. §2243; *Harper v. Thoms*, 2002 WL 31388736, \*1 (6th Cir. 2002). During screening, the allegations in the petition are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). As Petitioner is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). But the Court may dismiss the petition at any time, or make any such disposition as law and justice require, if it determines that the petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

BACKGROUND

The petitioner presents the facts surrounding his current conviction and sentence for the

second time. In *McPherson v. Grondolsky*, London Civil Action No. 6:06-154-DCR, another 28 U.S.C. §2241 proceeding, he began with his March 2, 2000 indictment on drug charges in the United States District Court for the Eastern District of North Carolina, *United States v. McPherson*, Case No. 4:00-CR-81-1H. On January 3, 2001, he pled guilty to distributing cocaine base (crack) pursuant to a plea agreement, and on April 6, 2001, he was sentenced to 144 months in prison.

As to challenges to that conviction and sentence, McPherson stated that after an attempted appeal in 2002 was dismissed as untimely, he filed an unsuccessful motion to vacate, set aside or correct sentence pursuant to 28 U.S.C §2255. McPherson did not reveal the grounds for the motion, only that it was denied by the trial court on July 19, 2002. Upon review of that decision, the Fourth Circuit dismissed his appeal in 2003 without discussion.[1]

In the petitioner's earlier action before this Court, he challenged his conviction and sentence on the grounds that (1) he was denied a hearing to which he was entitled under a treaty of the United States, *i.e.*, the International Covenant on Civil and Political Rights; (2) he was entitled to have his sentence re-computed consistent with *Santobello v. New York*, 404 U.S. 257 (1971); (3) the plea agreement was violated; and (4) the indictment's failure to charge a specific drug quantity and his not agreeing to a quantity in the plea agreement means that the trial court did not have jurisdiction to impose a sentence longer than 24 months.

On May 23, 2006, the Court denied McPherson's earlier petition for reasons stated in the Memorandum Opinion and Order of that date and dismissed the cause of action, *sua sponte*, for the

---

[1] In his earlier proceeding, this Court noted that neither the petitioner nor research revealed the issues raised in the §2255 motion. Record No. 6 at 2. Westlaw revealed only the abbreviated decision of the United States Court of Appeals for the Fourth Circuit dismissing the appeal. In its opinion of January 24, 2003, the appellate court "conclude[d] for the reasons stated by the district court that McPherson has not made a substantial showing of the denial of a constitutional right." *United States v. McPherson*, 55 Fed.Appx. 158, 159 2003 WL 164698 at *1 (4th Cir. 2003) (unpublished).

petitioner's failure to state a claim upon which this Court may grant relief [Record No. 6]. An appeal was dismissed by the United States Court of Appeals for the Sixth Circuit for failure to prosecute.

## CLAIMS HEREIN

In the instant petition, McPherson claims that the government's breach of the plea agreement makes enforcement of his conviction and sentence illegal.

## FACTUAL ALLEGATIONS

The petitioner's allegations are presented in a commonly used petition form and an accompanying self-styled, typewritten petition, with attachments. Record No. 2.

The petitioner focuses primarily on the plea agreement, which formed one of the bases for his earlier petition. This time he has attached a copy of the agreement as an exhibit. He contends that in return for his plea and his assistance in prosecuting others, the government did not put a drug quantity in the agreement and also promised to give him a 3-level adjustment for acceptance of responsibility. However, the petitioner complains, at his later sentencing, the prosecutor did argue for the amount of the drug recommended by the Probation Officer, 66.7 grams, and the petitioner's sentence of 144 months reflects that amount.

Additionally, again citing *Santobello v. New York*, the petitioner repeats his argument that with no drug amounts in the plea agreement or in the statute under which he was convicted, 21 U.S.C. 841(b)(1)(c), his maximum sentence would have been 24 months. Since he has served more than 24 months already, he proposes that the interests of justice would best be served by his being granted "specific performance" of the plea agreement and immediate release from prison.

Petitioner again alleges that this Court may grant him the relief requested under its §2241 jurisdiction and *Cohen v. United States*, 593 F.2d 766, 769 (6th Cir. 1979).

DISCUSSION

The petitioner's instant argument about a purported breach of his plea agreement is a repeat of one of the grounds in his prior §2241 proceeding in this Court. McPherson is again correct that under the savings clause of §2255 and *Cohen*, a district court may exercise jurisdiction over §2255 claims under 28 U.S.C. §2241 if the petitioner establishes that "the remedy by [§2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255; *Cohen v. United States*, 593 F.2d at 770-71.

However, as he was told in the earlier proceeding, it is the petitioner's burden to demonstrate that the remedy by motion is "inadequate" or "ineffective." The United States Court of Appeals for the Sixth Circuit has cautioned that it is only under highly exceptional circumstances that a federal prisoner may challenge his conviction and imposition of sentence under §2241, instead of §2255. In *Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999) (discussing "inadequate and ineffective" standard), and later in *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003) (discussing requirement of alleging "actual innocence" based on an intervening U.S. Supreme Court decision), the Sixth Circuit set out the burden placed on a §2241 petitioner trying to challenge his conviction and/or sentence.

The standard for demonstrating the inadequacy and ineffectiveness of a prisoner's remedy via a §2255 motion to the trial court is a high one under *Charles* and *Martin*, one which, in the opinion of this Court, Petitioner McPherson has not met. He has not shown the inadequacy or ineffectiveness of his earlier §2255 motion; he has not alleged actual innocence; and he has not relied on an intervening Supreme Court case which interprets the statute under which the prisoner was convicted such that his conduct is not criminal.

Importantly, McPherson knew of the government's purported breach by the conduct of the

prosecutor at his sentencing hearing in April of 2001, yet apparently did not raise the issue with the trial court. He admits to later filing a §2255 motion; this time he lists the grounds thereof and attaches a copy of the docket sheet showing the filing of such a motion on April 15, 2002. However, he evidently did not raise the matter of the purported breach of the plea agreement at that time either.

In short, the instant petitioner had adequate opportunities to assert the instant claim in the very court accepting the plea and plea agreement. He failed to raise it, however. The Court in this circuit has emphasized that relief under Section 2241 is not a "catch all" remedy, and made clear that a prisoner cannot satisfy the inadequate or ineffective requirement merely by demonstrating that he is time-barred from bringing a Section 2255 motion, or that he had already moved unsuccessfully for relief in a prior Section 2255 motion. *Charles*, 180 F.3d at 757.

With the instant filing, the petitioner claims for the first time that in October of 2005, years after his §2255 motion was denied, he asked the appellate court for permission to bring a successive petition to the trial court in order to raise the breach-of-the-plea-bargain issue, but that request was denied. However, that attempt, like today's, is too late and too insufficient to warrant relief pursuant to 28 U.S.C. §2241. Unlike Petitioner Martin, this petitioner has no claim of actual innocence based upon an intervening Supreme Court case. Therefore, his §2241 petition herein must fail.

There is a second basis for dismissal of the instant action. Prisoners are known to file repeated petitions to several courts in the hopes of obtaining a better result in another court or with another judge. To deal with this tactic, Congress has passed 28 U.S.C. §2244, which allows a district judge to refuse to entertain a repeat application for the writ by a federal prisoner "if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255." 28 U.S.C.

§2244(a).

Therefore, under a federal statute, a district court may dismiss a petition if it appears that a court has previously passed on the legality to the Petitioner's detention in a prior habeas petition and no new claim is raised.  *See Thunder v. U.S. Parole Com'n*. 165 Fed.Appx. 666, 668, 2006 WL 281089,**1 (10th Cir. 2006) (unpublished) (affirming dismissal of second §2241 petition and citing *George v. Perrill*, 62 F.3d 333, 334 (10th Cir.1995)).  Such is the case herein.

There are also several judicially imposed bars to relitigation.  *See Rosales-Garcia v. Holland*, 322 F.3d 386, 398 n.11 (6th Cir.), *cert. denied* (2003) (discussing *res judicata*, the "law of the case," and the "abuse of the writ" doctrines).  Because *res judicata* did not historically attach to denials of habeas relief at common law (*McCleskey v. Zant*, 499 U.S. 467, 499 (1991)), courts have enforced the ban on relitigation with "successive petitions," the "abuse of the writ" and "law of the case" doctrines.

A "successive petition" raises grounds identical to those raised and rejected on the merits in a prior petition, whereas the concept of "abuse of the writ" is founded on equitable principles, *i.e.*, that a habeas petition raises grounds that were available but not relied upon previously.  *Kuhlmann v. Wilson*, 477 U.S. 436, 444 n.6 (1986) (quoting *Sanders v. United States*, 373 U.S. 1, 15-19 (1963)).  "[I]nstances of abuse" include "a successive application . . . [which] may be submitted in the hope of getting before a different judge in multijudge courts." *Sanders v. United States*, 373 U.S. at 16.  Such appears to be the exact same situation herein.

The Sixth Circuit has noted that it is not clear that the law of the case doctrine should apply to a successive habeas petition and has declined to rule on it.  *Rosales-Garcia v. Holland*, 322 F.3d at 398 n.11.  However, it is not necessary to reach the law of the case doctrine today, as the Court

finds that the statutory bar, the bar to successive petitions, and the application of the abuse of the writ doctrine require dismissal of the petition before the Court today.

For the foregoing reasons, the Court will dismiss the instant petitioner's second §2241 petition for failure to state a claim upon which relief may be granted. 28 U.S.C. §1915(e)(2)(B)(ii).

## CONCLUSION

For the reasons discussed herein, it is hereby **ORDERED** as follows:

(1) David Louis McPherson's petition for writ of habeas corpus is **DENIED**.

(2) This action will be **DISMISSED**, *sua sponte,* from the docket of the Court, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the respondent.

Dated this 2nd day of July, 2007.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge